No. 7310.

STAUB v. RYAN.

SUPREME COURT.—*Evidence.*—The Supreme Court will not disturb a verdict, where the only objection thereto is that it is not sustained by sufficient evidence, if there was evidence fairly tending to support it.

From the Vigo Circuit Court.

*N. G. Buff* and *S. M. Beecher*, for appellant.
*A. B. Carlton* and *J. E. Lamb*, for appellee.

Staub v. Ryan.

Woods, J.—The only question in this case is whether the verdict is sustained by sufficient evidence. The rule is well settled that this court will not disturb a verdict to which there is no other objection, if there was evidence which fairly tended to support it.

The appellant and the appellee were keepers of livery stables at Terre Haute, and each, on the 10th of April, 1878, sent a carriage, in charge of a driver, to the funeral of the mayor of the city. There was a great concourse of people, military companies, and a band, or bands, of music in attendance. Upon the return from the interment, the carriage of the appellant was next behind that of the appellee, and, the military companies occupying the center of the street, the carriages were compelled to turn to the left, upon a portion of the street slightly sloping to the curbing. Just as the carriage of the appellee had been turned aside, and that of the appellant was following, "an oblique movement of the military" caused the carriage of appellee to stop, whereupon the tongue of appellant's carriage collided with and crushed through the carriage of the appellee, causing the injury complained of.

There was evidence tending to show that the carriage of the appellant was driven needlessly too near to that of the appellee, and that the appellant's driver was not sufficiently watchful. No complaint is made of any ruling of the court nor of instructions given or refused. We may, therefore, well presume that the case was in all respects fairly considered and determined; and that the inference of negligence against the driver of appellant's carriage was warranted by the evidence. The jury, hearing and seeing the witnesses, could judge of this much better than we can do upon a transcript of the evidence, necessarily more or less imperfect.

Judgment affirmed, with costs.